Alleging that she was employed by one Virginia Montgomery Hankins to render nursing and housekeeping services at the rate of $15 a week and that she performed these services continuously from January 5, 1948, until the death of Virginia Montgomery Hankins on August 19, 1948, plaintiff filed this suit against Jeff Henry Hankins, husband of deceased, and Eugene J. *Page 740 
Coen. Plaintiff prayed that there be a separation of patrimony of the property of the defendant Hankins and that of his deceased wife and further prayed that a conveyance from defendant Hankins to defendant Coen of a house and lot belonging to the deceased be declared null and void.
After an exception of vagueness was filed, plaintiff, in a supplemental petition, alleged that her employment by the deceased as nurse was by verbal agreement and that defendant Coen was an attorney at law employed by defendant Hankins to open the succession of the deceased.
The answer denied that plaintiff had any claim against the succession of Virginia Montgomery Hankins and set forth that any services plaintiff may have rendered were gratuitous in nature such as any neighbor would render to another and that she had informed Eugene J. Coen that there were no charges for the services so rendered. The answer further set forth that Virginia Montgomery Hankins had $400 in cash in her possession and that plaintiff Stella Cragg had converted same to her use and defendant Jeff Henry Hankins prayed for judgment in reconvention for that amount against Stella Cragg.
The District Court found for defendants and the case is before us on plaintiff's appeal from that judgment.
In corroboration of her testimony that she was employed as a nurse and housekeeper at the rate of $15 per week, plaintiff offered the testimony of several witnesses who had heard the deceased make statements tending to show that Stella Cragg had been employed by the deceased as a nurse. The evidence was admitted by the District Court subject to objection by the defendants. The brief of plaintiff's counsel contains the following paragraph:
"The District Court, in giving oral reasons for judgment, stated that he reluctantly rejected plaintiff's claim for the reason that he thought the testimony presented by plaintiff's witnesses was inadmissible as evidence. He also said that he was not sure that the evidence would be sufficient, if admissible. There was no hint of disbelief of these witnesses, and the District Judge was in error in ruling the evidence inadmissible."
After carefully studying the record, we conclude that the evidence so introduced was not sufficient to establish that there was any contract of employment between plaintiff and the deceased whereby plaintiff was to receive $15 per week or any other sum certain for serving as nurse and housekeeper. We therefore consider it unnecessary to pass upon the issue as to whether the testimony was or was not admissible.
Defendant Hankins has not appealed from the judgment of the District Court which rejected his reconventional demand, and counsel in brief states that same has been abandoned.
The record does establish that plaintiff did render substantial nursing services to the deceased. These services were rendered in February, 1948, just prior to deceased's entry into Charity Hospital, and again in the summer of 1948 prior to her death on August 19, 1948.
Since the plaintiff has failed to prove a contract of employment and did not make an alternative demand for recovery for services rendered on a quantum meruit basis, we have concluded that the judgment should be recast so as to nonsuit plaintiff as to her claim for nursing services on a quantum meruit basis, and to affirm the principal finding of the District Court rejecting her demands for $15 per week on a contract basis. The judgment appealed from is voided and set aside and judgment is now rendered in favor of the defendants, Jeff Henry Hankins and Eugene J. Coen, and against the plaintiff, Stella Cragg, rejecting plaintiff's demand for recovery under the contract set up in the original and supplemental petitions.
The right is reserved to plaintiff to file suit, on a quantum meruit basis, for such nursing services as she may have rendered to the deceased, Virginia Montgomery Hankins. Plaintiff to pay all costs of this suit. *Page 741